IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERTO MARTINEZ a/k/a Roberto Arnoldo Martinez Barrientos (TDCJ No. 2067337), | § § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:19-cv-787-B-BN |
| LORIE DAVIS, Director Texas Department of Criminal Justice Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Petitioner Roberto Martinez a/k/a Roberto Arnoldo Martinez Barrientos ("Martinez"), a Texas inmate, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See* Dkt. No. 3. This resulting action was referred to the United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). *See* Dkt. No. 6. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the habeas application with prejudice as time-barred under Rule 4 of the Rules Governing Section 2254 Cases.

**Applicable Background**

Through the current petition, Martinez challenges his September 17, 2014 Dallas County conviction for failure to register as a sex offender – enhanced. *See State v. Martinez*, No. F14-00302-J (Crim. Dist. Ct. No. 3, Dallas Cnty., Tex.); Dkt. No. 3 at 2. This criminal judgment was affirmed as modified on direct appeal in 2015. *See*

*Martinez v. State*, No. 05-14-01238-CR, 2015 WL 6750812 (Tex. App. – Dallas Nov. 4, 2015, pet. ref'd). And the Texas Court of Criminal Appeals (the "CCA") refused Martinez's petition for discretionary review ("PDR") on April 6, 2016. *See Martinez v. State*, No. PD-1590-15 (Tex. Crim. App.).

Martinez, proceeding *pro se*, then sought state habeas relief but filed that application no sooner than July 24, 2018, the date that he signed it. *See Ex parte Martinez*, W14-00302-J(A) (Crim. Dist. Ct. No. 3, Dallas Cnty., Tex.). The CCA denied the application without written order on the trial court's findings without a hearing, on November 7, 2018. *See Ex parte Martinez*, WR-89,055-01 (Tex. Crim. App.).

The Court issued a questionnaire to (1) provide Martinez fair notice of the its initial assessment that his federal petition was likely time-barred and (2) allow him to present his position on this issue through a verified response. *See* Dkt. No. 7. He filed a timely, verified response to the questionnaire. *See* Dkt. No. 8.

**Legal Standards**

I.  Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2).

The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)).

> "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks and citation omitted). "[T]he principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Unfamiliarity with the legal process does not justify equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

*United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010) (per curiam).

But "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and

prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. ____, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

The United States Supreme Court has reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Id.* at 756 (emphasis in original); *see, e.g., Farmer v. D&O Contractors*, 640 F. App'x 302, 307 (5th Cir. 2016) (per curiam) (holding that because "the FBI did not actually prevent Farmer or any other Plaintiff from filing suit" but instead "advised Farmer that filing suit would have been against the FBI's interest" and "that the RICO claims could be filed after the investigation concluded," "[a]ny obstacle to suit was ... the product of Farmer's mistaken reliance on the FBI, and a party's mistaken belief is not an extraordinary circumstance" (citing *Menominee Indian Tribe*, 136 S. Ct. at 756-57)).

The Supreme Court also has determined that AEDPA's statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the actual innocence gateway is only available to a petitioner who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the new, reliable evidence must be sufficient to persuade the Court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that

the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted; emphasis in original)).

II.     Rule 4 Disposition

Under Rule 4 of the Rules Governing Section 2254 Cases, a district court may summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes). In *Kiser*, clearly applicable here, the United States Court of Appeals for the Fifth Circuit held that, "even though the statute of limitations provision of the AEDPA is an affirmative defense rather than jurisdictional, the magistrate judge and district court did not err by raising the defense *sua sponte*." *Id.* at 329 (noting the district court's "decision to do so was consistent with Rule 4 and Rule 11 of the Rules Governing Section 2254 cases, as well as the precedent of this Court").

But, "'before acting on its own initiative' to dismiss an apparently untimely §

-5-

2254 petition as time barred, a district court 'must accord the parties fair notice and an opportunity to present their positions.'" *Wyatt v. Thaler*, 395 F. App'x 113, 114 (5th Cir. 2010) (per curiam) (quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006); alteration to original); *see also Ingram v. Director, TDCJ-CID*, No. 6:12cv489, 2012 WL 3986857, at *1 (E.D. Tex. Sept. 10, 2012) (a magistrate judge's report and recommendation also gives the parties "fair notice that the case may be dismissed as time-barred, which [gives a petitioner] the opportunity to file objections to show that the case should not be dismissed based on the statute of limitation" (collecting cases)).

## Analysis

The record here is complicated by Martinez's multiple related state convictions – his initial convictions for indecency with a child and subsequent convictions for failing to register as a sex offender. The current Section 2254 petition references his earlier convictions, and the Dallas Court of Appeals summarized Martinez's applicable criminal history in affirming as modified his 2014 conviction for failure to register:

> [i]n 2006, appellant was convicted of two counts of indecency with a child by exposure and sentenced to four years in prison in each case. In 2012, appellant was convicted of failing to comply with sex offender registration requirements and sentenced to 18 months in state jail. In 2014, appellant was indicted for failing to comply with sex offender registration requirements based on the reportable conviction of indecency with a child by exposure.

*Martinez*, 2015 WL 6750812, at *1 (citing *Barrientos v. State*, Nos. 05-06-00675-CR & 05-06-00676-CR, 2007 WL 1492049 (Tex. App. – Dallas May 23, 2007, pet. ref'd); *Barrientos v. State*, No. 05-12-00648-CR, 2013 WL 3227658 (Tex. App. – Dallas June 24, 2013, no pet.)).

It appears that the 2006 convictions and the 2012 conviction have been discharged. And, while Martinez's failure to register because of the underlying indecency convictions led to the 2014 conviction he now challenges, he is not "in custody" under the underlying indecency convictions such that the Court has subject matter jurisdiction to consider a Section 2254 challenge to those convictions. *See, e.g., Johnson v. Davis*, 697 F. App'x 274, 275 (5th Cir. 2017) (per curiam) ("To the extent that Johnson sought to challenge his 1976 convictions and those sentences were discharged, the district court lacked jurisdiction to consider the § 2254 application because Johnson was not 'in custody' for purposes of § 2254. The fact that Johnson is required to register as a sex offender as a result of his 1976 convictions does not mean that he is 'in custody' within the meaning of § 2254." (citations omitted)).

Turning to the conviction under which he is "in custody," the 2014 failure-to-register conviction becomes final under the AEDPA "when there is no more 'availability of direct appeal to the state courts.'" *Frosch v. Thaler*, No. 2:12-cv-231, 2013 WL 271423, at *1 (N.D. Tex. Jan. 3, 2013) (quoting *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009)), *rec. adopted*, 2013 WL 271446 (N.D. Tex. Jan. 24, 2013).

Because Martinez did not petition the Supreme Court for certiorari review, the applicable state criminal judgment became final under the AEDPA on July 5, 2016 – 90 days after the CCA refused his PDR. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (observing that, if a petitioner halts the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires" and noting that the Supreme Court allows 90 days for filing a petition for

certiorari following the entry of judgment); SUP. CT. R. 13.

And, "[b]ecause [Martinez's] state habeas petition was not filed within the one-year period" that commenced on that date, that petition "did not statutorily toll the limitation clock." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (citing, in turn, 28 U.S.C. § 2244(d)(2))).

Accordingly, the Section 2254 habeas application – filed no sooner than March 18, 2019, the date on which Martinez signed it, *see* Dkt. No. 3 at 10 – was filed more than 1 year and 8 months too late. The application is therefore due to be denied as untimely absent statutory or equitable tolling of the limitations period or establishment of actual innocence.

While Martinez does claim "factual innocence," Dkt. No. 3 at 6, he fails to provide – or even allege the existence of – new, reliable evidence sufficient to persuade the Court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt," *Schlup*, 513 U.S. at 329; *McQuiggin*, 569 U.S. at 386. And he appears to allege various reasons he believes justify equitable tolling – most notably a decline in his mental health and his mental anguish. *See* Dkt. No. 8 at 5, 7-9. But these assertions are conclusory, That is, Martinez has not alleged how his mental health, for example, interfered with his ability to file a federal writ in a timely manner by showing a "causal connection between [any] mental [decline or anguish] and his failure to file a timely federal habeas petition." *Jones v. Stephens*, 541 F. App'x 499, 505 & n.34 (5th Cir. 2013) (per curiam) (collecting cases).

In sum, Martinez has not demonstrated that he is entitled to equitable tolling

by showing that "rare, exceptional, or extraordinary circumstances beyond his control ... made it impossible for him to timely file" his federal habeas application. *Montes v. United States*, Nos. 3:13-cv-1936-K & 3:09-cr-286-K (4), 2014 WL 5286608, at *3 (N.D. Tex. Oct. 15, 2014) (citations omitted); *see also Menominee Indian Tribe*, 136 S. Ct. a 755-56; *Holland*, 560 U.S. at 649; *Farmer*, 640 F. App'x at 307.

For these reasons, the Section 2254 application is time-barred.

## Recommendation and Direction to the Clerk of Court

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court should dismiss the application for a writ of habeas corpus with prejudice because it is time-barred, and the Court should direct that the Clerk of Court serve any order accepting this recommendation on the Texas Attorney General.

The Clerk of Court is DIRECTED to serve electronically a copy of this recommendation and the petition, along with any attachments thereto and brief in support thereof, on the Texas Attorney General as counsel for Respondent and will be directed to the attention of Edward L. Marshall, Chief, Criminal Appeals Division, Texas Attorney General's Office. *See* RULE 4, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 28, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE